OFELIA PANTOJA ET AL., Plaintiffs and Appellees, *v.* ESCO CORPORATION and BARONET OF PUERTO RICO, Defendants and Appellants.

No. R-67-201.    Decided June 14, 1971.

*Hartzell, Fernández & Novas* and *José Luis Novas Dueño* for appellants. *Jesús Hernández Sánchez* for appellees.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Plaintiffs claimed from defendants the payment of wages amounting to $3,124 for unjustified discharge as it is broken down in an exhibit in the complaint which enumerates the names of plaintiffs and the amount of the wages for each one.

The judgment rendered in this case which ordered defendants to pay each one of the plaintiffs the amount of his salary corresponding to a month and which ruled that "Said payment should be made on the basis of the computation which results from the weekly salary which each plaintiff earned at the time of the discharge" is challenged because (1) the trial court lacked jurisdiction over the matter; (2) no evidence was introduced in the sense that plaintiffs, with the exception of Ofelia Pantoja, were discharged and about the monthly salary which they earned from defendants at the time of the discharge.

In their answer, defendants denied all the allegations of the complaint and as defenses alleged that (1) the trial court lacked jurisdiction as the facts which are alleged are of the exclusive jurisdiction of the National Labor Relations Board; (2) that plaintiffs alleged the same facts before the said Board and the latter dismissed the charges on the grounds of said facts; (3) the cause of action has prescribed; (4) the complaint does not allege facts constituting a cause of action;

(5) plaintiffs' layoff which occurred on April 22, 1960, was due to lack of work.

The only witness for the plaintiffs, Ofelia Pantoja, testified that she and the other plaintiffs (whose names she remembered from a list which she prepared) attended a union meeting of orientation and organization held at the hall in a public housing development adjacent to the factory, on April 21, 1965; that on the following day the manager of both defendants held a meeting with all the workers and informed them that the persons who had attended the meeting of the union and had signed, were going to be discharged "for matters of the union"; that subsequently (on April 22, 1960, according to the answer) plaintiffs were laid off and other persons were hired in their place; that they laid off those who signed as well as the ones who did not sign; that after the discharge there were pickets in front of the factory.

The parties stipulated that these workers were substituted after their discharge and during the subsequent strike in defendants' factories.

As to the salary or wages which plaintiffs earned when they were discharged, the only evidence which appears from the record is the testimony given by Ofelia Pantoja who, in answering a question of the trial judge, said that she earned $24 to $25, to what her counsel added "weekly."

The parties also stipulated that defendants were engaged in interstate commerce and that in connection with some of the facts in this case, Ofelia Pantoja intervened in case No. 24 CA No. 1306 before the National Labor Relations Board; that said Board exercised its jurisdiction in connection with facts of this case according to cases Nos. 24 CA 1338 and 1306.

■ 1.—The discharge of a worker on account of his union activity is an unfair practice which, when it occurs in operations in interstate commerce, the jurisdiction is exclusive of the National Labor Relations Board except in those

cases when said Board has declined to assert its jurisdiction. *L.R.B.* v. *Milares Realty, Inc.*, 90 P.R.R. 821, 826–828 (1964).

In connection with a charge for acts and conduct of the union in violation of § 8(b)(7)(C) of the Labor Management Relations Act (29 U.S.C.A. § 158(b)(7)(C)), after plaintiffs layoff, filed by defendants before the National Board, an injunction entered by the United States District Court for the District of Puerto Rico which ordered the union to desist from picketing in front of defendants' plants was upheld notwithstanding the allegation of the union that the picketing was solely and entirely in protest over the layoff of 33 women workers on the Friday preceding the Tuesday on which the picketing began and that said picketing was not established for the purpose of forcing or requiring the employer to recognize, or their employees to accept, or select the unions as the collective bargaining representative of the workers. In an opinion delivered by the Court of Appeals of the First Federal Circuit reference was made to the fact that the employer in this case had "laid off 33 women employees in Vega Baja, *ostensibly for lack of work, but, according to a charge subsequently filed by the unions, in reprisal for attending the union meeting the night before.*" *Local 346 International Leather Goods Union* v. *Compton*, 292 F.2d 313 (1st Cir. 1961). (Italics ours.)

No evidence was adduced about the action which the National Board took, if it took any, in connection with said charge filed by the unions for the alleged unfair practice on the part of defendants of discharging said workers from their work.

■ It was incumbent upon the National Board, by virtue of the said charge filed by the unions, to determine whether plaintiffs were laid off for lack of work as defendants alleged, in which case there was justified cause for their layoff and, therefore, the payment of the wages did not lie, or whether

the layoff constituted an unfair labor practice, in which case it should have ordered the reinstatement of plaintiffs and the payment of their salary from the date of their layoff. In this last instance the payment of any wages did not lie either. *Time-O-Matic Inc.* v. *N.L.R.B.*, 264 F.2d 96 (7th Cir. 1959); *National Labor Relations Board* v. *Polson Logging Co.*, 136 F.2d 314 (9th Cir. 1943).

■ 2.—No proof about the amount of the wages claimed appears from the record. As the amount of the wages claimed in the complaint was categorically denied by defendants, it was plaintiffs' obligation to adduce specific evidence of the salary which each one earned at the time of their layoff from their work so that it would serve as basis to determine the wages claimed.

In view of the foregoing, the judgment rendered in this case should be reversed and the complaint dismissed.

Mr. Chief Justice Negrón Fernández did not participate herein.